IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REUBEN BARRETT; ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| VILLAGE OF SAUK VILLAGE, an Illinois ) | Judge |
| Municipality; VILLAGE OF SAUK VILLAGE ) | |
| FIRE DEPARTMENT, AND XXXXXX, ) | |
| ) | Magistrate Judge |
| Defendants. ) | |

## COMPLAINT

Plaintiff, REUBEN BARRETT, by counsel, brings his Cause of Action against the above-named Defendants, stating as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action under 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. §§ 1981, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Plaintiff, who was subjected to racial discrimination, retaliation, harassment, and denial of promotion by his employer, THE VILLAGE OF SAUK VILLAGE ("the Village") and the VILLAGE OF SAUK VILLAGE FIRE DEPARTMENT ("the Fire Department").

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 451, 1331 and 1343.

3. Venue in this district is proper because the unlawful employment practices alleged below occurred, and all parties reside, in Cook County, Illinois, a county within the

jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

4. All conditions precedent to the institution of this lawsuit have been fulfilled, including receipt of a Right-to-Sue letter dated August 25, 2014 issued by the United States Equal Employment Opportunity Commission ("EEOC"). See Exhibit A, attached.

## THE PARTIES

5. At all relevant times, the Village was incorporated in the State of Illinois and has been a municipality within the State of Illinois.

6. The Fire Department has at all relevant times been a department organized under the Village with the primary purpose of extinguishing fires within the Village's municipal boundaries.

7. Plaintiff is a citizen of the State of Illinois, and at all relevant times was a duly qualified fire department inspector, employed by the Village and the Fire Department.

8. Al Stoffregen ("Stoffregen") was at all relevant times the duly appointed Fire Chief for the Village and the Fire Department.

9. Rich Atwood ("Atwood") was at all relevant times the duly appointed Deputy Fire Chief for the Village and/or Fire Department.

## STATEMENT OF FACTS

10. At all relevant times Plaintiff has been an employee, as defined for purposes of Title VII, of the Village and the Fire Department, starting in 2003 as a firefighter and since 2008 as a Fire Inspector.

11. At all relevant times the Fire Department was a non-union shop.

12. When the Village and the Fire Department hired him, Plaintiff had six years of private ambulance (EMS) experience, including one contract of military service in two military service capacities: as a Navy Corpsman and as an Army Medic, Honorable Discharged.

13. Plaintiff has over thirty-five years' experience in business, leadership and management, and law, and as a scientist, a nationally board certified Doctor of Chiropractic.

14. The Village considers those listed with a status of "paid-on-call" as employees.

15. Plaintiff also possesses the following degrees: Southern Illinois University: Bachelors of Science, Fire Service Management 2009; Webster University: Bachelors of Arts, Biology, 1983; Logan College of Chiropractic: Doctor of Chiropractic, 1990 National Board Certified and MI State Licensed Chiropractic Physician; William Howard Taft University: Juris Doctor, 2004.

16. Plaintiff has completed the Prairie State College – Fire Officer 1 and Fire Officer II course work.

17. Plaintiff's fire and inspection training includes the following: Illinois State Fire Marshall, 2004, 2005, 2006, 2007, 2008.

18. Plaintiff has also satisfactorily completed the following courses:
    a) Fire Fighter II, III Course;
    b) Arson / Fire Investigator Course and Certification;
    c) Fire Investigation Photography; Severe Weather Spotter;;
    d) NEC UL Underwriters Inc., Fire Alarm Training;
    e) Ground Search and Rescue; Health and Safety Officer;
    f) Incident Safety Officer ; Fire Apparatus Engineer (Course);

    g)    Illinois State Hazardous Materials first responder training;

    h)    ICC Hazmat; ICC Fire Code and Prevention Training;

    i)    Fire Code Inspector;

    j)    Fire Instructor I & II; Fire Officer I & II;

    k)    Live Fire Training Firefighter Basic Skills Weekend Course;

    l)    Fire Department Instructors Conference (FDIC Fire Fighting training;

    m)    Department of Homeland Security Office of Domestic Preparedness/FEMA;

    n)    OSHA 360 Training ISO 14000, Cert. November 2008 ;

    o)    Evidence Technician: North East Multi-Regional Training, Inc., 2008,

    p)    Lansing Police dept., IL; Indoor Air Quality Safety Training Course Trainer, Americana Safety Associates, Inc., December, 2008;

    q)    Harvard Medical School, Online CME, Nuclear, Biological and Chemical Weapons Spring 2008; Harvard Medical School, Online CME, Toxicology Fall 2007.

19. The above listed certifications and coursework qualified him for additional positions within the Fire Department, including promotions to the rank of captain or higher.

20. Plaintiff's listed status for the fire department of the Village was as "fire investigator" which is a type of municipal employment that takes no precedence over regular municipal fire service employment as defined by the Illinois Municipal Code, 65 ILCS 5/.

21. The fire investigator position has no written job description detailing or describing duties, rights, responsibilities, tasks or yearly quotas for the number of fire investigations.

22. Pursuant to Fire Department procedures, and despite existing protocol, the Village

and the Fire Department written procedure and policy allow Stoffregen the ultimate right and authority to appoint or promote, regardless of experience and qualifications.

23. Plaintiff's race is black or African-American, and as such is a member of a protected class.

24. Despite Plaintiff's qualifications and experience, the Village and the Fire Department, among other discriminatory conduct, denied Plaintiff the right and opportunity to be promoted in favor of white or Caucasian colleagues, members of a non-protected class.

25. Such members of the non-protected class were less qualified than Plaintiff.

26. Despite Plaintiff's qualifications, willingness, and availability, the Village and the Department regularly denied Plaintiff notice of training essential to maintaining existing certification or receiving additional certifications necessary for advancement, at the same time it provided such notice to Plaintiff's white counterparts.

27. Despite Plaintiff's qualifications, willingness, and availability, the Village and the Department regularly denied Plaintiff the tools and equipment necessary for his job to allow participation in active fire calls and investigations in the community, including required PPE equipment, which they provided to Plaintiff's white counterparts.

28. Despite Plaintiff's qualifications, willingness, and availability, the Village and the Department regularly denied Plaintiff other tools and equipment necessary for his job to allow participation in active fire calls, including the use of official Fire Department vehicles, which they provided to Plaintiff's white counterparts.

29. Despite Plaintiff's qualifications, willingness, and availability, the Village and the Department failed to provide Plaintiff with equipment, given to all other Fire Department employees, including white employees, and changed the frequency on the department pagers without providing Plaintiff with the ability to receive calls on the new frequency, which it did provide to other Fire Department employees, including white employees.

30. Despite Plaintiff's qualifications, willingness, and availability, the Village and the Fire Department regularly denied Plaintiff legitimate reimbursement for training programs which they reimbursed to white employees.

31. Stoffregen, despite knowledge of the lesser qualifications of white employees of the Fire Department, exercised his authority to promote those white employees who were not qualified or less qualified than Plaintiff.

32. On numerous occasions, Plaintiff complained to his superiors, including Stoffregen and Atwood about these past and continuing violations, to no avail.

33. In July 2013, Plaintiff provided additional written notice of his complaints and sought direction and instruction on the status of his employment due to the continued failure of the Village and the Fire Department, to provide him with equipment, gear, training, and a response to his complaints of discriminatory conduct.

34. In response, the Village and the Fire Department intentionally disregarded his repeated inquiries, and effectively discharged Plaintiff from his employment.

35. The Village's and the Fire Department's adverse employment actions against Plaintiff constituted retaliation for Plaintiff's current and prior complaints of discriminatory conduct within the fire department.

36. On December 13, 2013, Plaintiff filed his Charge of Discrimination with the Illinois Department of Human Rights ("DHR") and the EEOC against the Village and the Fire Department, alleging discrimination in his employment based on his race, including, but not limited to, racial slurs, assignment, training, equipment, exclusion, and promotion.

37. The investigations of the DHR and EEOC revealed that promotions at the Village and the Fire Department are made within the Department and not publicly posted.

38. The investigation of the DHR and EEOC further revealed that white employees of the Fire Department, including Paul Meyers, James Allison, and Gary Bell, received promotions and differing job assignments when Plaintiff did not.

39. The EEOC investigation revealed that in response to the EEOC's questions, the Village and the Fire Department representatives, including its legal counsel, denied that certain white employees, including Paul Meyers, James Allison, and Gary Bell, were promoted to the rank of lieutenant, despite public notice and disclosure of the promotions in local newspapers, notices, and social media.

40. The EEOC investigation revealed that Plaintiff was not provided with equipment, including PPE equipment, as was required to appear on scene at any fire events.

41. On or after August 25, 2014, Plaintiff received a "Dismissal and Notice of Rights" from the EEOC. (See attached Exhibit "A")

42. As a result of the foregoing, Plaintiff lost the ability to become recertified or to obtain new certifications, thereby causing him to lose employment certification and limiting him from future employment.

43. As a result of the foregoing, Plaintiff also lost a significant amount of pay and responsibility within the department.

## COUNT I: TITLE VII DISCRIMINATION

38. Plaintiff realleges and incorporates by reference the factual allegations of paragraphs 1 through 37, above, as if fully set forth herein.

39. Since late 2012 or early 2013, and continuing through at least December 2013, the Village and the Fire Department, have engaged in unlawful employment practices in violation of of Title VII.

40. The Village and the Fire Department discriminated against Plaintiff based on his race with respect to the terms and conditions of his employment when it refused to promote him because of his race, in violation of Title VII.

46. The Village's and the Fire Department's employment practices and conduct were deliberate, willful and conducted in blatant disregard of Plaintiff's rights.

47. The Village's and the Fire Department's policies and practices have produced, *inter alia*, disparate treatment and disparate impact against Plaintiff based on his race with respect to the terms and conditions of his employment.

48. By reason of The Village's and the Fire Department's discriminatory practices, Plaintiff is entitled to all legal and equitable remedies available under Title VII.

49. The Village's and the Fire Department's discrimination against Plaintiff based on his race was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create a hostile working environment.

50. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and promotion, to effectively terminate Plaintiff, and otherwise to adversely affect Plaintiff's status as an employee because of his race, black or African-American.

51. The Village and the Fire Department at all relevant times acted with malice or

reckless indifference to the federally protected rights of Plaintiff in violation of 42 U.S.C. § 1981(a).

52. As a result of the aforementioned intentionally discriminatory acts of the Village and the Fire Department, Plaintiff has suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and emotional distress.

WHEREFORE, Plaintiff, REUBEN BARRETT demands judgment against the VILLAGE OF SAUK VILLAGE AND THE SAUK VILLAGE FIRE DEPARTMENT in an amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to Title VII and the Civil Rights Act of 1991, including promotion, attorneys' fees, litigation expenses and cost of suit.

## *COUNT II: TITLE VII RETALIATION*

53. Plaintiff re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 52, above, as if fully set forth herein.

54. Plaintiff engaged in a protected activity when he complained of discrimination and further, when he filed his complaints with the DHR and the EEOC, all alleging race-based discrimination, harassment, and retaliation.

55. The conduct complained of by Plaintiff involved his supervisors, Chief Stoffregen and Deputy Chief Atwood, as defined in Title VII.

56. Stoffregen and Atwood, by their actions, harassed, discriminated and retaliated against Plaintiff and altered the terms and conditions of his employment in retaliation for having complained and having filed an EEOC charge.

57. As a result of the retaliation described above, Plaintiff suffered, and will likely continue to suffer, grievous harm including, without limitation, substantial loss of

income, loss of earnings potential, loss of enjoyment of life and severe emotional distress.

WHEREFORE, Plaintiff, REUBEN BARRETT demands judgment against the VILLAGE OF SAUK VILLAGE AND THE SAUK VILLAGE FIRE DEPARTMENT in an amount in excess of $100,000.00, and for all legal and equitable relief available pursuant to Title VII and the Civil Rights Act of 1991, including promotion, attorneys' fees, litigation expenses and cost of suit.

## *COUNT III: SECTION 1981 DISCRIMINATION*

59. Plaintiff realleges and incorporates by reference the factual allegations of paragraphs 1 through 55, above, as if fully set forth herein.

60. Pursuant to Civil Rights Act of 1871, 42 U.S.C. § 1981, ("Section 1981") it is unlawful to discriminate in contracts, including employment contracts, on the basis of race.

61. Plaintiff always met or exceeded the expectations of his employer as a performed his duties as a fire inspector for the Village and the Fire Department, and was qualified for promotion to one or more additional posts, including, but not limited to Captain.

62. The Village and the Fire Department through their agents, Stoffregen and Atwood, refused to promote Plaintiff and instead promoted unqualified and less qualified white employees.

63. The Village and the Fire Department through their agents, Stoffregen and Atwood, failed to advertise or otherwise post a vacancy for positions sought by Plaintiff.

64. The Village's and the Fire Department's actions, as set forth above, constituted willful and unlawful discrimination in Plaintiff's employment contract based on race, in violation of Section 1981.

65. As a result of the aforementioned deprivation of federal rights, Plaintiff suffered, and will likely continue to suffer, grievous harm including without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

WHEREFORE, Plaintiff, REUBEN BARRETT demands judgment against the VILLAGE OF SAUK VILLAGE AND THE SAUK VILLAGE FIRE DEPARTMENT in an amount in excess of $100,000.00, and for all legal and equitable relief available, including promotion, compensatory damages, punitive damages, attorneys' fees, litigation expenses and cost of suit.

### *JURY DEMAND*

Plaintiff, pursuant to Fed. R. Civ. P. 38, demands trial by jury.

Respectfully submitted,

REUBEN BARRETT

By: ___/s/ Richard P. Long___

Rubino Ruman Crosmer & Polen

By: Richard P. Long

One of Plaintiffs' Attorneys